**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Norma Ulrich and Nell Woodruff, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  10 C 939 |
| | ) | |
| Asset Acceptance, LLC, a Delaware | ) | |
| limited liability company, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiffs, Norma Ulrich and Nell Woodruff, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and allege:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.      Plaintiff, Norma Ulrich ("Ulrich"), is a citizen of the State of Virginia, from whom Defendant attempted to collect a delinquent consumer debt owed for a Peebles/World Financial Network National Bank credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in

Chicago, Illinois.

4.      Plaintiff, Nell Woodruff ("Woodruff"), is a citizen of the State of Texas, from whom Defendant attempted to collect delinquent consumer debts owed for two World Financial Network National Bank credit cards, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's LASPD program, located in Chicago, Illinois.

5.      Defendant, Asset Acceptance, Inc. ("Asset"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Asset operates a nationwide delinquent debt collection business from its offices in nine different states, including a call center in Chicago, Illinois, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois, <u>see</u>, printout from Asset's web site attached as Exhibit <u>A</u>.

6.      Defendant Asset is licensed to conduct business in Illinois and maintains a registered agent here, <u>see</u>, record from the Illinois Secretary of State attached as Exhibit <u>B</u>.  In fact, Asset Acceptance does business in Illinois by collecting delinquent consumer debts from thousands of Illinois consumers via collection letters sent to Illinois, through collection phone calls made from its Illinois' call center and through thousands of collection lawsuits it files in Illinois' court system.

7.      Defendant Asset is licensed as a collection agency in Illinois, <u>see</u>, record from the Illinois Division of Professional Regulation attached as Exhibit <u>C</u>.  In fact, Asset acts as a collection agency in Illinois.

2

8.      Defendant Asset is a bad debt buyer that specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then attempts to collect via other collection letters, phone calls credit reporting and collection lawsuits.

## FACTUAL ALLEGATIONS

### Ms. Norma Ulrich

9.      Ms. Ulrich is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Peebles/World Financial Network National Bank credit card.  At some point in time after that debt became delinquent, it was bought by Defendant Asset, and when Asset began trying to collect this debt from Ms. Ulrich, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Asset's collection actions.

10.      On July 11, 2009, one of Ms. Ulrich's attorneys at LASPD informed Asset, in writing, that Ms. Ulrich was represented by counsel, and directed Asset to cease contacting her, and to cease all further collection activities because Ms. Ulrich was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit D.

11.      Nonetheless, Defendant Asset Acceptance sent a collection letter, dated December 1, 2009, to Ms. Ulrich that demanded payment of the debt.  A copy of this letter is attached as Exhibit E.

12. Accordingly, on January 10, 2010, Ms. Ulrich's LASPD attorney had to send Defendant Asset another letter directing it to cease communications and cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

**Ms. Nell Woodruff**

13. Ms. Woodruff is a senior citizen, with limited assets and income, who fell behind on paying her bills, including two debts she owed for two World Financial Network National Bank credit cards. At some point in time after these debts became delinquent, they were bought by Defendant Asset, and when Asset began trying to collect these debts from Ms. Woodruff, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Asset Acceptance's collection actions.

14. On December 29, 2009, one of Ms. Woodruff's attorneys at LASPD wrote to Defendant Asset, informing Asset that Ms. Woodruff was represented by counsel, and directing Asset Acceptance to cease contacting her, and to cease all further collection activities because Ms. Woodruff was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit G.

15. Nonetheless, Defendant Asset Acceptance sent collection letters, dated December 30, 2009, directly to Ms. Woodruff and to her attorneys at LASPD, demanding payment of the World Financial Network National Bank debts. Copies of these letters are attached as Group Exhibit H.

4

16.     Accordingly, on January 24, 2010, Ms. Woodruff's LASPD attorney had to send Defendant Asset Acceptance another letter to cease communications and collections.  Copies of this letter and fax confirmation are attached as Exhibit I.

17.     All of the collection actions complained of herein occurred within one year of the date of this Complaint.

18.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

19.     Plaintiffs adopt and reallege ¶¶ 1-18.

20.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

21.     Here, the letters from Ms. Ulrich's and Ms. Woodruff's agent, LASPD, told Defendant Asset to cease communications and cease collections (Exhibits D and G). By continuing to communicate regarding these debts and demanding payment, Defendant Asset violated § 1692c(c) of the FDCPA.

22.     Defendant Asset's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

23.　　Plaintiffs adopt and reallege ¶¶ 1-18.

24.　　Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

25.　　Defendant Asset knew that Ms. Ulrich and Ms. Woodruff were represented by counsel in connection with their debts because their attorneys at LASPD had informed Asset, in writing, that they were represented by counsel, and had directed Defendant Asset to cease communicating with Ms. Ulrich and Ms. Woodruff.  By directly sending Ms. Ulrich and Ms. Woodruff the collection letters (Exhibits E and H), despite being advised that they were represented by counsel, Defendant Asset violated § 1692c(a)(2) of the FDCPA.

26.　　Defendant Asset's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT III**
**Violations Of § 1692e Of The FDCPA --**
**False Statements**

27.　　Plaintiffs adopt and reallege ¶¶ 1-18.  This count is brought solely on behalf of Ms. Woodruff.

28.　　Section 1692e of the FDCPA prohibits Defendant Asset from making any false, deceptive or misleading statements in connection with the collection of any debt, see, 15 U.S.C. § 1692e.

6

29.     Defendant Asset's December 30, 2009 form collection letters, sent directly to Ms. Woodruff (Group Exhibit H), falsely stated that Ms. Woodruff had sent Asset "correspondence regarding information by a credit reporting agency" related to the debts, and that Asset was "hereby denying that the information being reported on your credit file is inaccurate"; in fact, Ms. Woodruff had sent no such correspondence concerning credit reporting agencies – her attorney at LASPD had directed Asset to cease collections and to cease contacting Ms. Woodruff (Exhibit G).  Thus, Defendant Asset's statements, in its December 30, 2009 form collection letters, were false, deceptive or misleading, in violation of § 1692e of the FDCPA.

30.     Moreover, Defendant Asset's December 30, 2009 form collection letters to Ms. Woodruff's attorney at LASPD (Group Exhibit H) falsely stated that Asset was sending "documentation that will aid you in resolving this matter"; in fact, no such "documentation" was sent, nor had Ms. Woodruff's attorney requested any such "documentation" or expressed any possibility of "resolving" the account – Ms. Woodruff's attorney at LASPD had directed Asset to cease collections and to cease contacting Ms. Woodruff (Exhibit G).  Thus, Defendant Asset's statements, in its December 30, 2009 form collection letters, were false, deceptive or misleading, in violation of § 1692e of the FDCPA.

31.     Defendant Asset's violations of § 1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiffs, Norma Ulrich and Nell Woodruff, pray that this Court:

1.      Find that Defendant Asset's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiffs, Ulrich and Woodruff, and against

Defendant Asset, for statutory damages, costs, and reasonable attorneys' fees as

provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiffs, Norma Ulrich and Nell Woodruff, demand trial by jury.

Norma Ulrich and Nell Woodruff,

By: /s/ David J. Philipps_____
One of Plaintiffs' Attorneys

Dated:  February 10, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com